# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO VARGAS HERNANDEZ, | CASE No. 1:12-cv-01278-AWI-MJS (PC) |
| Plaintiff, | |
| v. | ORDER DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO PROSECUTE |
| SIX UNKNOWN NAMES AGENTS OR MR. PRESIDENT OF THE UNITED STATES BARACK OBAMA, | |
| Defendant(s). | |

On August 6, 2012, Plaintiff, a federal prisoner proceeding pro se, filed what was construed as a civil rights complaint pursuant to Bivens v. Six Unknown Agents, 403 U.S. 388 (1971). (Compl., ECF No. 1.) The Complaint, which sets forth no intelligible claims for relief, is not signed. No filing fee has been paid. No request to proceed in forma pauperis has been filed. A civil action may not proceed without the submission of either the filing fee or the grant of in forma pauperis status. 28 U.S.C. §§ 1914, 1915.

On August 9, 2012, the Court issued its Order striking the Complaint and directing that within fourteen days Plaintiff file a signed complaint and either an application to proceed in forma pauperis or pay the filing fee. (Order Striking Compl., ECF No. 2.) On August 27, 2012, Court mail sent to Plaintiff was returned as undeliverable.

On November 26, 2012, the Court issued its Order that, by not later than December 14, 2012, Plaintiff either file a current address or show cause as to why his case should not be dismissed without prejudice for failure to prosecute. (Order Show Cause, ECF No. 3.) On December 6, 2013, Court mail sent to Plaintiff was returned as

undeliverable.

Local Rule 183(b) provides that "[a] party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address [and if] mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute."

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In the instant case, more than sixty-three days have passed since Plaintiff's mail was returned and he has not notified the Court of a current address.

Accordingly, it is HEREBY ORDERED THAT this action be DISMISSED without prejudice for failure to prosecute.

IT IS SO ORDERED.

Dated:   February 11, 2013

SENIOR DISTRICT JUDGE